

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHALANDRA COPELAND-ROBINSON                        PLAINTIFF

vs.                                                      CIVIL ACTION NO. 3:21cv214CWR-LGI

VANTEC HITACHI TRANSPORT
SYSTEM (USA) INC.; and
JOHN DOES 1-10                                             DEFENDANT

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, the Plaintiff, Phalandra Copeland-Robinson, (hereinafter "Plaintiff") by and through her counsel of record, and hereby files this Complaint against Vantec Hitachi Transport System (USA) Inc.(hereinafter sometime referred to as "Vantec"), for damages which exceed the amount of $75,000.00, and in support thereof states as follows:

### I. PARTIES

1. The Plaintiff is an adult resident citizen of Simpson County, Mississippi, and presently resides at 861 Heed Neely Road, Braxton, Mississippi 39044-4373.

2. The Defendant, Vantec Hitachi Transport System (USA) Inc., is a Foreign Corporation incorporated in the State of California, with its principal place of business in California, and doing business in the State of Mississippi, whose agent for service of process is C.T. Corporation System, located at 645 Lakeland Drive East Dr., Ste. 101, Flowood, Mississippi 39232, or wherever they may be found.

3. Defendant, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the Plaintiff but who may be added at a later date. John Does 1-10 include the owners, operators, managers, and all other entities, corporate and/or

individuals of the Defendant, Vantec Hitachi Transport System (USA) Inc., and/or other persons, entities, and/or corporations that were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages. All allegations and claims asserted herein against Defendants are incorporated by reference against John Does 1-10.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligent acts and omissions committed in Madison County, Mississippi and the cause of action alleged in this Complaint occurred and accrued in Madison County, Mississippi, which is in the United States District Court for the Southern District of Mississippi, Northern Division. Jurisdiction is based on Diversity of Citizenship per 28 U.S.C § 1332 in that the lawsuit involves citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

## III. FACTS

5. The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

6. At all times mentioned in this Complaint, the Defendant, Vantec, had certain obligations and responsibilities at the Nissan production plant located at 300 Nissan Dr., Canton, Mississippi 39046, which obligations and responsibilities included the use and operation of forklifts by agents / employees of Vantec in the course and scope of their employment with Vantec in the ILC warehouse portion of the Nissan production plant in Canton, Mississippi.

7. On or about June 11, 2019, at approximately 4:00 a.m., Plaintiff, Phalandra Copeland-Robinson, as an employee of Nissan, was lawfully on the premises of the Nissan production plant located at 300 Nissan Dr., Canton, Mississippi 39046, in the ILC warehouse area of the plant where Defendant's agents / employees were operating forklifts in the course and scope of their employment with Defendant Vantec.

## IV. ALLEGATIONS

8. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

9. At said time and place, Plaintiff was present in the ILC warehouse of the Nissan production plant in the vicinity of a forklift being operated by an agent / employee of Defendant Vantec in the course and scope of his employment with Defendant Vantec. Plaintiff's expectation was that the forklift being operated by Defendant's employee in the course and scope of his employment with Defendant Vantec would be operated in a safe, careful, and prudent manner.

10. However, while Plaintiff was standing in this portion of the Nissan production plant, the agent / employee of Defendant who was operating this forklift in the course and scope of his employment with Defendant Vantec, negligently, carelessly, recklessly and in an imprudent manner proceeded to drive the forklift in a way which caused it to run over Plaintiff's foot, thereby causing Plaintiff to suffer serious injuries including, but not limited to, amputation of part of her left foot and injury to her hip.

11. Defendant, through its agents / employees, owed a duty to Plaintiff to drive and operate this forklift as a reasonable and prudent person would have under the same or similar circumstances.

12. Defendant is vicariously liable for the negligent acts of omission and commission of its agents / employees who are acting in the course and scope of their employment with Defendant, as was the case here with Defendant's agent / employee driving and operating this forklift in the course and scope of his employment with Defendant.

13. Defendant breached the duties owed to the Plaintiff by:

    a. Failing, through its agent / employee, to operate this forklift as a reasonable and prudent person would under the same or similar circumstances by failing to make sure Plaintiff was not in the path of the forklift as Defendant's agent / employee proceeded to drive and/or move the forklift in the vicinity of where Plaintiff was located;

    b. Failing, through its agent / employee, to operate this forklift as a reasonable and prudent person would under the same or similar circumstances by proceeding to drive and/or move this forklift without making sure Plaintiff was notified that the forklift was moving and was aware that the forklift was moving before such time as the forklift operator actually moved the forklift in Plaintiff's direction so that Plaintiff could be certain she was not in the path of moving forklift;

    c. Failing, through its agent / employee, to operate the forklift as a reasonable and prudent person would under the same or similar circumstances by failing to ensure that the forklift was not being operated in dangerously close proximity to the Plaintiff before driving / moving the forklift in the area where Plaintiff was located;

    d. Failing to otherwise exercise due care with respect to the matters alleged in this Complaint;

    e.    Failing to properly train and/or adequately supervise its employees in the safe, prudent, and proper handling and operations of these forklifts so as to make sure others in the vicinity of these forklifts, such as Plaintiff herein, are safe from injury from the operation these forklifts by Defendant's agents / employees;

    f.    Failing to make appropriate safety rules, policies, procedures, and regulations to properly protect the safety of others in the vicinity of these forklifts, such as Plaintiff herein, from injury from the operation these forklifts by Defendant's agents / employees; and

    g.    Failing to properly train and/or adequately supervise its employees to monitor and enforce Defendant's safety rules, policies, procedures, and regulations concerning the safe, prudent, and proper handling and operations of these forklifts so as to make sure others in the vicinity of these forklifts, such as Plaintiff herein, are safe when these forklifts are being operated by Defendant's agents / employees.

12.    Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

    a.    past, present, and future physical pain and suffering;

    b.    past, present, and future medical expenses;

    c.    past, present, and future loss of enjoyment of life;

    d.    past, present and future mental and emotional pain, and suffering;

    e.    permanent physical restrictions, limitations, and/or disability;

    f.    loss of earning;

    g.    loss of the ability to earn money;

  h.  aggravation of pre-existing condition; and

  i.  any other damages allowed by Mississippi law.

13. Said acts on the part of Defendant separately, and vicariously through its agents and employees acting within the course and scope of their employment with Defendant, constitute gross negligence, thus rendering Defendant liable for punitive damages as well as attorney's fees and expenses incurred in pursuing this litigation.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Phalandra Copeland-Robinson, requests a trial by jury and demands damages including actual, compensatory, consequential, economic and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, loss of enjoyment of life, loss of earnings and loss of ability to earn money and any other special damages that may be incurred by the Plaintiff, including punitive damages, together with attorney fees, costs of court and any further relief as the Court may deem proper.

Respectfully submitted, this the 26th day of March 2021.

                PHALANDRA COPELAND-ROBINSON

                MARTIN R. JELLIFFE, ESQ.

**OF COUNSEL:**

MORGAN & MORGAN, PLLC
Martin R. Jelliffe, MSB #3067
4450 Old Canton Road, Ste. 200
Jackson, Mississippi 39211
Telephone: (601) 503-1676
Facsimile: (601) 949-3399
E-Mail: mjelliffe@forthepeople.com